*Ex Parte:*

Enrique Blanco Amigó,
    Peticionario

Admisión al Ejercicio
de la Abogacía

RESOLUCIÓN

San Juan, Puerto Rico, a 9 de abril de 1969

A la solicitud de reconsideración, no ha lugar, por académica.

Lo acordó el Tribunal y firma el Señor Juez Presidente. Los Jueces Asociados Señores Santana Becerra y Blanco Lugo emitieron votos separados. Los Jueces Asociados Señores Rigau, Dávila, Ramírez Bages y Torres Rigual concurren en el voto separado del Juez Asociado Señor Blanco Lugo.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*

—O—

Voto Separado del Juez Asociado Señor Santana Becerra en el cual concurre el Juez Asociado Señor Hernández Matos.

San Juan, Puerto Rico, a 9 de abril de 1969

En 14 de febrero de 1969 el Sr. Enrique Blanco Amigó, un ciudadano de los Estados Unidos casado con puertorriqueña, radicó en este Tribunal solicitud para que se le admi-

891

tiera a tomar el examen de reválida a celebrarse en el mes de marzo de 1969.

Su solicitud fue denegada por el Tribunal, sin expresión de fundamentos, por Resolución de 4 de marzo de 1969. El Juez Presidente y el Juez Asociado Señor Hernández Matos hicieron constar que hubieran admitido la solicitud de este peticionario. El Juez que suscribe fue de opinión que debía solicitarse al peticionario cierta información adicional, y por tal motivo, en ese entonces no votó ni a favor ni en contra de la admisión. El Juez Asociado Señor Rigau se abstuvo de votar.

En 11 de marzo de 1969 el peticionario solicitó reconsideración. El examen de reválida se celebró durante los días 11, 12 y 13 de marzo. Habiendo ya pasado el examen, estoy conforme en que nada hay que resolver sobre la reconsideración solicitada.

Entiendo, no obstante, que las circunstancias de este caso y de otros similares que pueden surgir, requieren que exponga ciertas consideraciones respecto a una situación que a mi entender demanda que se tome la acción pertinente.

Alegó el peticionario en su solicitud que en 10 de febrero de 1960 recibió su título de Bachiller en Leyes (Doctor en Derecho) expedido por el Rector de la Universidad de La Habana, Dr. Clemente Inclán, y por el Decano de la Facultad de Derecho, Dr. Agustín Aguirre. Acompañó con su petición certificado de su ciudadanía de los Estados Unidos *por naturalización;* su título de Doctor en Derecho expedido por la Universidad de La Habana en 10 de febrero de 1960 debidamente registrado en el libro correspondiente del Ministerio de Educación; registrado en la Secretaría de Gobierno del Tribunal Supremo y registrado en el Colegio de Abogados de La Habana.

Acompañó igualmente certificación del Rector de la Universidad de La Habana de 9 de agosto de 1957 acreditativa de haber aprobado 25 de los 32 cursos para el título de

Doctor en Derecho; Diploma del Instituto de Segunda Enseñanza de Ciego de Avila, fechado 26 de mayo de 1953, acreditativo de haber obtenido el título de Bachiller en Letras, registrado este título en el Ministerio de Educación; documento del Ministro de Justicia de la República de Cuba fechado en 17 de diciembre de 1954 acreditativo de haberse otorgado al peticionario título de Procurador, con residencia en el Partido Judicial de La Habana, autorizándole a ejercer libremente dicha profesión, e inscrito en el correspondiente Libro de Procuradores; documento fechado en La Habana en 30 de septiembre de 1960 expedido por el Seguro del Abogado acreditativo de haberle dado ingreso al peticionario en el Registro de Asegurados.

La solicitud vino acompañada de declaración jurada del peticionario expresando tener el título de Doctor en Derecho de la Universidad de La Habana, Colegio aprobado por el Tribunal Supremo de Puerto Rico; que para obtener dicho título asistió personalmente a clases durante los cinco años del curso, y aprobó todas las asignaturas de que se componía el plan de estudios vigente en aquella época—32 asignaturas en 5 años de estudio—plan de estudios que acompañó con su petición. Que era requisito obligatorio para matricularse en la Facultad de Derecho de la Universidad de La Habana el poseer un Bachillerato en Letras. Que este bachillerato requería cinco años de estudios, cuatro cursos de bachiller y un curso de enseñanza preuniversitaria, y enumeró las 34 asignaturas comprendidas en dicho programa. Declaró el peticionario que también asistió personalmente a clases durante cinco años para aprobar las 34 asignaturas del Bachillerato en Letras y enseñanza preuniversitaria. Que la Universidad de La Habana estuvo cerrada de 1956 a 1959, y terminó su curso al reabrirse en 1959; que para obtener el título de Procurador se exigía por ley, entre otros requisitos, el justificar haber practicado en un bufete por más de dos años.

Acompañó declaración jurada del Dr. Alberto Blanco y Sánchez al efecto de que el peticionario practicó en su bufete por más de dos años para llenar los requisitos del título de Procurador; que asistió personalmente a sus clases de derecho civil, obligaciones y contratos; que cursó y aprobó las 7 asignaturas que no resultan de la certificación acompañada; que se graduó de Doctor en Derecho y se registró en el Tribunal Supremo de Cuba y en el Colegio de Abogados de La Habana para ejercer la profesión de abogado, y que el peticionario disfrutó de buena reputación en los tribunales cubanos.

Históricamente hablando, para mi no es siquiera concebible cuestionar la reputación académica de la Facultad de Derecho de la ya casi tres veces centenaria Universidad de La Habana, que ha albergado en su cátedra a eminentes juristas y tratadistas de Derecho. Ahí están, entre otros, el internacionalista Dr. Antonio Sánchez de Bustamante, los penalistas Dres. González Lanuza y Lavedán, el procesalista Dr. Dolz y Arango, el Dr. Dihigo y López de Trigo, el Dr. Mariano Aramburu, el civilista Dr. Del Cueto y Paso y las autoridades de Derecho Político Dres. Orestes Ferrara y Desvernini, entre un cúmulo de otros connotados juristas. Don José De Diego y quien fue nuestro Juez Presidente Don Emilio del Toro se recibieron de abogados en esta Facultad.

Comprendo que a tenor de los acontecimientos políticos ocurridos en Cuba a partir de 1959, puedan haber ocurrido cambios en dicha Institución de enseñanza que ameriten una evaluación al presente.

En Puerto Rico no se puede ejercer la profesión de abogado si no se es ciudadano de los Estados Unidos.

Esta, y otras peticiones que pueden venir en el futuro envuelven la situación de ciudadanos de los Estados Unidos que reclaman un derecho otorgado por las leyes de Puerto Rico, aun cuando hubieren obtenido sus títulos de abogado en Cuba.

Si existe duda sobre la condición académica de la Universidad de La Habana bajo el régimen imperante, soy de opinión que, en protección de los derechos de esos ciudadanos de los Estados Unidos, el Tribunal debe disponer el medio apropiado para que, bien por los organismos de la Conferencia Judicial, o ya por cualquier otro medio viable, se estudie el estado académico al presente de la Universidad de La Habana en su Facultad de Derecho, de modo que la disposición futura de solicitudes de admisión a examen por ciudadanos de los Estados Unidos recibidos de abogados en Cuba sea hecha sobre una base racional en los hechos, y cualquier negativa responda a un criterio fundamentado del Tribunal de que la Facultad de Derecho que ha otorgado el título no tiene la altura académica aceptable para admitir a examen a sus titulados.

—O—

Voto separado del Juez Asociado Señor Blanco Lugo.

San Juan, Puerto Rico, a 9 de abril de 1969

Consistente con la posición que asumí cuando graduados de la Universidad de la Habana solicitaron en el pasado admisión al examen de reválida—la necesidad de disponer de los elementos de juicio indispensables para ejercer la facultad de acreditación que nos hemos reservado cuando el aspirante ha sido diplomado por una escuela de Derecho extranjera—he votado en contra de la aprobación de esta solicitud. *In re Cristóbal Díaz Ayala*, 92 D.P.R. 916 (1965). (¹) Nuevamente hago hincapié en la conveniencia de tener información fidedigna sobre los requisitos de admisión y para

---

(¹) Igual posición he sustentado cuando se ha tratado de la acreditación de las escuelas de Derecho de Puerto Rico. Como podrá verse en *In re Calderón Lassén*, 88 D.P.R. 931 (1963) e *In re Abréu Delgado*, 90 D.P.R. 911 (1964), mis actuaciones no han respondido a factores subjetivos o externos, sino a la evaluación de informes del entonces Consejo Superior de Enseñanza, que contenían los únicos elementos de juicio confiables de que disponíamos para actuar.

obtener el grado de Bachiller en Derecho, los programas de estudios de la facultad en comparación con los que se exigen por las escuelas de Derecho de Puerto Rico, la exigencia de ciertos cursos básicos y cualquier otro aspecto que pueda sernos de ayuda en nuestra evaluación. Resultaría gravemente discriminatorio para con los graduados de nuestras escuelas, a quienes tantos requisitos exigimos, que se aprueben solicitudes de graduados en universidades extranjeras sin una comprobación que, cuando menos, satisfaga iguales exigencias. (²) La laxitud que ha caracterizado la acreditación de graduados de universidades extranjeras se ha reflejado en los resultados de los exámenes de reválida. (³)

Finalmente, a mi juicio, corresponde al peticionario ponernos en condiciones de resolver sobre los merecimientos de la Universidad de la Habana, aunque ello no excluye cualquier gestión que este Tribunal, por propia iniciativa, estime conveniente y necesaria.

Los Jueces Asociados Señores Rigau, Dávila, Ramírez Bages y Torres Rigual concurren con las expresiones contenidas en este voto.

---

(²) Aunque la tradición académica es un factor a considerar, es de todo punto inaceptable que este criterio predomine en la decisión de un asunto de esta importancia, y oscurezca la cuestión básica, una capacitación suficiente y mínima *para el ejercicio de la profesión en Puerto Rico*.

(³) Desde septiembre de 1966 sólo 3 de 32 graduados de universidades españolas han merecido aprobación. Estos 32 graduados han fracasado en 86 ocasiones. De estos 32 aspirantes, 9 han fracasado en 3 ocasiones, 4 en 4 ocasiones y 4 en 5 ocasiones.