*Ex Parte:*

María Elena Ponce de León Haszard
Solicitud de admisión
a examen de reválida

RESOLUCIÓN

San Juan, Puerto Rico, a 18 de junio de 1969

Se aprueba la anterior solicitud de admisión a examen de reválida. Dése cuenta con ella a la Junta Examinadora para el correspondiente trámite ulterior.

Lo acordó el Tribunal y firma el Señor Juez Presidente.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

Joaquín Berríos
*Secretario*

Por: (Fdo.) Carmen Lesbia Colón

*Secretaria Ejecutiva*
*Junta Examinadora*

—O—

Voto de los Jueces Asociados Señores Pérez Pimentel, Blanco Lugo, Rigau, Dávila, Ramírez Bages y Torres Rigual.

San Juan, Puerto Rico, a 18 de junio de 1969

El día 13 de febrero de 1963 la peticionaria María Elena Ponce de León Haszard se recibió de Licenciada en Derecho de la Universidad Nacional de Asunción, en la República del Paraguay. Su solicitud de admisión a examen de reválida

cumple con todos los particulares que se exigen por la Regla 8 del Reglamento de este Tribunal. Réstanos determinar si conforme a la misma "ha cursado todos sus estudios de derecho y ha obtenido el grado correspondiente en [un] colegio(s) de derecho acreditado(s) . . . por la American Bar Association o por el Tribunal Supremo de Puerto Rico, si el aspirante hubiere cursado sus estudios de derecho fuera de Puerto Rico."

Previamente conviene advertir que, conforme al inciso 3 de la Sec. 1 de la Ley Núm. 17 de 10 de junio de 1939, 4 L.P.R.A. sec. 721, la Asamblea Legislativa dispuso que ". . . sin embargo . . . cuando el aspirante se hubiere graduado de abogado en una universidad extranjera, se faculta a la Corte Suprema de Puerto Rico para que, en uso de su discreción, determine si dicha universidad cumple con el equivalente de los requisitos que se exigen de las universidades aprobadas por la American Bar Association, *único caso en el cual se considerará suficiente el diploma así recibido* . . . ." A simple vista parecería que está vedada la admisión a examen de la peticionaria, pues las materias cursadas y aprobadas por ella no corresponden con los requisitos exigidos por universidades aprobadas por la American Bar Association. No obstante, como indicamos hace tres décadas en *Ex parte Jiménez*, 55 D.P.R. 54 (1939), disposiciones de esta naturaleza "constituyen condiciones mínimas . . . que en nada obligan a esta Corte Suprema, la cual conserva intacta su facultad inherente y estatutaria de fijar las condiciones y requisitos que deberán cumplirse por todo solicitante de una licencia de abogado." La peticionaria cumple con el requisito mínimo de poseer un diploma de bachiller en derecho. Hasta ahí la intervención legislativa no está reñida con nuestras normas. Pero cualquier cualificación ulterior es de nuestra exclusiva providencia. [1]

---

[1] En igual forma, irrespectivamente de lo dispuesto por la Sec. 2 de la mencionada Ley Núm. 17, hemos requerido la aprobación del examen

Hemos examinado los programas de estudios de las distintas materias que fueron acompañados por la peticionaria.(²) Estamos satisfechos de que, en el ejercicio de nuestra facultad de acreditación según expuesta en la Regla 8, procede declarar con lugar la solicitud.

.

---

de reválida a las personas admitidas a ejercer la abogacía en las cortes estatales de Estados Unidos y las federales.

(²) Contrario a lo ocurrido en otros casos la solicitante nos ha puesto en condiciones razonables para hacer una determinación confiable de acreditación, *Ex parte Blanco Amigó,* 97 **D.P.R.** 893 (1969); *In re Cristóbal Díaz Ayala,* 92 **D.P.R.** 916 (1965).